United States District Court
Southern District of Texas
**ENTERED**
September 24, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOME SFR BORROWER LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-979 |
| | § | |
| TAMULA SCOTT, | § | |
| | § | |
| Defendant. | § | |

### **MEMORANDUM AND RECOMMENDATION**

The court sua sponte **RECOMMENDS** dismissal of this action for want of removal jurisdiction.

Defendant Tamula Scott ("Scott"), proceeding pro se, removed this action from a county court at law action seeking her eviction. In the notice of removal, Scott states that the eviction proceeding was removable because it "intentionally fails to allege compliance with the Civil Rights Act of 1968."[1] Scott failed to attach any state court pleading to her notice of removal and also failed to include the address of Plaintiff Home SFT Borrower LLC.

The court set a status conference on this matter for September 20, 2018, but Scott failed to appear.

Federal law allows removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); see also Mumfrey v. CVS Pharm., Inc., 719 F.3d 392, 397 (5th Cir. 2013). Absent original jurisdiction, the district courts lack subject matter

---

[1] See Doc. 1, Not. of Removal p. 4.

jurisdiction over the removed case. Delgado v. Shell Oil Co., 231 F.3d 165, 175 (5th Cir. 2000)(citing Avitts v. Amoco Prod. Co., 53 F.3d 690, 693 (5th Cir. 1995)).

It is well settled that, in determining removal jurisdiction, the court must consider the claims in state court as they existed at the time of removal. Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002)(citing Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995)). Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pled complaint. Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004).

In the present situation, it appears that Plaintiff Home SFR Borrower LLC has filed an eviction action against Scott under Texas law. Texas rules dictate that the only issue allowed in an eviction case is the "right to actual possession." Tex. R. Civ. P. 510.3(e). "Counterclaims and the joinder of suits against third parties are not permitted in eviction cases. A claim that is not asserted because of this rule can be brought in a separate suit in a court of proper jurisdiction." Id. Therefore, under Texas law, a defendant in an eviction proceeding cannot raise civil rights claims in response to an eviction notice. And, relatedly, a defendant may not create federal jurisdiction by including in her answer a claim arising under federal law. See Stump v. Potts, 322 F. App'x 379, 380 (5th Cir. 2009)(unpublished).

It appears that Plaintiff Home SFR Borrower LLC sued Scott over the right to actual possession of the residence in which Scott lived. That is solely a state-law issue which did not trigger the right of removal.

Accordingly, this court lacks removal jurisdiction. It is **RECOMMENDED** that this action be **REMANDED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Rule 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 24th day of September, 2018.

_____
U.S. MAGISTRATE JUDGE